■ YOUNG S. CHUN et al., Respondents, v YORAM GINACH, P.C., et al., Defendants, and HANNA FRANCO, Appellant. [845 NYS2d 273]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered August 1, 2006, which, in an action to recover a 10% down payment on a residential real estate transaction, inter alia, granted plaintiff buyers' motion for summary judgment, unanimously reversed, on the law, without costs, defendant-appellant seller's motion for summary judgment granted to the extent of finding that plaintiffs were in default, and the matter remanded for further proceedings consistent herewith.

Supreme Court granted plaintiffs' motion on the grounds that the subject contract lacked an express liquidated damages clause, and that defendant failed to adduce any evidence of damages caused by plaintiffs' failure to attend the closing. We reverse. Defendant established that plaintiffs breached their contractual obligation to purchase the property, and therefore is entitled to summary judgment on that claim. However, since the contract contains no clause entitling defendant to liquidated damages, we remand for a hearing on whether the down payment retained exceeds defendant's actual damages, a burden that plaintiffs, as the buyer, must bear (see Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 382 [1986]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.